### THOMAS TEAFFE *vs.* AMBROSE B. SIMMONS.

If the purchaser of land at auction deposits with the auctioneer a sum of money, in the presence of the vendor and in compliance with the terms of sale, and the sale is not completed through the fault of the vendor, the latter is responsible to the purchaser for the return of the money, although he has never personally received the same.

CONTRACT brought to recover the sum of one hundred dollars paid by the plaintiff to an auctioneer employed by the defendant to sell an estate which was bid off at auction by the plaintiff; the said sum having been paid in part payment of the price, and the sale not having been completed. At the trial in the superior court, before *Rockwell,* J., a verdict was returned for the plaintiff, upon facts and rulings which are sufficiently stated in the opinion; and the defendant alleged exceptions.

*A. Jackson,* for the defendant.

*G. W. Searle,* for the plaintiff.

DEWEY, J. No doubts seem to exist as to the liability of the auctioneer to the vendee for money paid by him at an auction in the ordinary course of business, as a deposit required by

the terms of the sale, where the vendor has failed to complete the conveyance. As to the deposit money, he may be treated as a stakeholder between the parties, and liable as such. *Burrough* v. *Skinner*, 5 Burr. 2639. *Edwards* v. *Hodding*, 5 Taunt. 815. *Harrington* v. *Hoggart*, 1 B. & Ad. 577. *Gray* v. *Gutteridge*, 1 Man. & Ry. 614.

But assuming that the auctioneer is liable, may not the vendor also be liable to the vendee for the deposit money, when the same has not been repaid to the latter, and the sale has failed to be completed through want of title, or other default of the vendor?

The auctioneer is the agent of the vendor. The vendor selects him, and through him invites the purchaser to make his proposals, or bid, and to pay such sum as advance money as the vendor may have prescribed. The case has the ordinary elements of an agency.

The doubt as to the liability of the vendor seems to arise from the character which has been fixed upon the auctioneer, by numerous decisions, as a stakeholder of the deposit money. But although a stakeholder in a qualified sense, and as such liable to be personally called upon for the money, if not duly paid over to the party entitled to it, yet his relation to the vendor is something more than that of an ordinary stakeholder originally selected by the concurrent act of both parties as a depositary. Here the vendor irrespective of the other party selects whom he will as his selling agent, and makes the conditions of sale, and fixes the sum to be paid by the vendee in advance as purchase money. These conditions being wholly regulated by the vendor, as well as the selection of his auctioneer, it would seem reasonable that he should be held to the responsibility of a principal, as respects the repayment of the deposit money, as well as for any other damages to which the other party may become entitled by reason of failure to make the proposed conveyance.

It is said in Chit. Con. (10th Amer. ed.) 332, that " if the seller violate the agreement on his part, either by omitting to show a good title in due time, or by refusing to execute the conveyance, the vendee may maintain an action against the

auctioneer to recover the deposit; but not the expense or inter est; or against the vendor to recover the deposit and interest." Again on page 337: " The auctioneer is liable only for the amount of deposit without interest. The vendor is in general responsible, not only for the deposit, but for interest thereon."

The adjudicated cases often state this distinction, and the liability of the vendor in terms corresponding to the above. Actions have frequently been maintained against the vendor, usually, however, accompanied by some claim for special damages. *Flureau* v. *Thornhill,* 2 W. Bl. 1078. *De Bernales* v. *Wood,* 3 Camp. 258. *Sampson* v. *Rhodes,* 8 Scott, 544. We do not find any case where the contrary doctrine has been held, except that of *Johnson* v. *Roberts,* 30 Eng. Law & Eq. R. 234, where it is said that the court held that the auctioneer is alone liable to a purchaser for the deposit money, even though he may have paid it over to the vendor. As to this case, it is somewhat remarkable that it is not found reported in the regular series of reports. As an authority, upon a close scrutiny of the case, it will be found that it may be limited to a question of pleading rather than a case decided upon the broader ground of right to recover generally. We are not satisfied to adopt it, seemingly variant as it is with the principle so generally stated, that the purchaser may resort to the vendor for deposit and interest.

Upon general principles, it would seem that the auctioneer may be considered as so far the agent of the vendor that the latter may be charged in an action for the deposit money and interest thereon, where the bargain fails to be consummated by reason of the failure of title in the vendor, or neglect to make the conveyance, and no circumstances exist showing that the vendee had elected to rely upon the auctioneer.

But we think the facts of this case present stronger grounds for charging the vendor than ordinary sales at auction might do. The sale was a single sale made on the premises sold, preceded by a public notice in the form of a handbill advertising this particular house to be sold, and stating that " $100 was to be paid at the time and place of sale."

In the written conditions drawn up on the day of the sale

and stating more fully the terms of payment, and restating the condition that " $100 is to be paid at the time and place of sale," the signature thereto is " Geo. R. Hichborn, Auctioneer and Agent for the owner." The receipt given to the plaintiff for the payment of the $100 is in these terms: " Received of Thomas Teaffe one hundred dollars in part payment of house No. 13 Lowell St. purchased by him at auction this day. Geo. R. Hichborn, Auctioneer and Agent for the owner," indicating that it was paid as a part of the purchase money, as well as that the auctioneer was agent for the owner. The facts further show that this payment of $100 was made by the plaintiff in the presence of the owner of the house, on a demand by the auctioneer " of a part payment towards the purchase money, of $100."

It is admitted that the sale of the house to the plaintiff was never perfected, and that the plaintiff was not bound to take a deed thereof from the defendant, by which we understand that there was an inability or default on the part of the defendant to perform his contract for the sale of the house.

Under these circumstances, the court are of opinion that the presiding judge properly refused to instruct the jury that the plaintiff could not maintain this action against the defendant. The further ruling that if the money was paid as a deposit the action could not be maintained furnishes the defendant no ground for exception, inasmuch as, if it was erroneous, it was too favorable to him. *Exceptions overruled.*